UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHANNA M. VALE

                       Plaintiff,

-against-

                                                    **MEMORANDUM AND ORDER**
                                                          14-CV-4229 (ADS)(AYS)

GREAT NECK WATER POLLUTION
CONTROL DISTRICT,

                       Defendant.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiff Shanna M. Vale ("Vale") brought this action alleging disability discrimination and retaliation under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* (hereinafter "ADA"), by her former employer Great Neck Water Pollution Control District (the "District"). Presently before the Court is a motion to quash a subpoena issued to non-party witnesses Gary Arman ("Arman")[1] (pending as Docket Entries Nos. 38 and 39) and (2) a motion to compel discovery of prior allegations of discrimination (Docket Entries Nos. 51 and 59).

I.     Background

Plaintiff's action alleges that Defendant took adverse actions and terminated her

---

[1]     When this motion was filed there were objections to a subpoena served on Gary Arman as well as a subpoena served on non-party witness Kenny Bunn. The subpoena served on Bunn has been withdrawn, see DE 60-61, and that motion, filed under DE 39, is therefore denied as moot.

employment on account of her disability. She alleges claims of failure to accommodate, discrimination and retaliation. While the District is the only named Defendant, Plaintiff's complaint makes continued reference to the acts of Christopher Murphy, the District Superintendent who is alleged to have personally made decisions regarding Plaintiff's employment.

In a decision dated January 20, 2015, the District Court denied Defendants' motion to dismiss. In addition to rejecting the argument that Plaintiff was not disabled within the meaning of the ADA, the District Court's decision makes clear which alleged acts of Defendants can be relied upon to constitute adverse action. Following the denial of the motion to dismiss the parties have engaged in document discovery and party depositions. Discovery has been twice extended to allow for the completion, and the resolution of disputes. While the parties have been able to agree on certain matters without extensive motion practice, those that are the subject of this order have required full briefing.

II.   The Motion to Quash

   A.   Issues Raised and Identity of Moving Parties

As noted above, the motion to quash is addressed to a non-party subpoena seeking the testimony of Gary Arman. Arman is a former employee who is represented by counsel, separate from counsel representing the District. Arman's motion to quash is separately supported both by his own counsel and by District counsel. The District alleges separate standing to move to quash the Arman subpoena on the ground that it is a party to a confidential settlement agreement that prohibits Arman from testifying herein. Both motions to quash additionally allege that Arman cannot provide relevant testimony,

2

and that the subpoenas should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure.

    B.  <u>Facts in Support of Arman's Motion:</u>

Arman's motion states that he was not employed by the District until almost a year after Plaintiff's termination, and that he therefore is possession of no knowledge relevant to her claims. Arman further notes that he is bound by a confidential settlement agreement barring him from testifying about his prior employment with the District. Specifically, Arman submits his declaration stating that:

- He was hired on December 15, 2013, almost a year after Vale's January 2013 termination;
- He has no knowledge of Vale's job duties, her job description or her job responsibilities;
- He has no knowledge regarding the circumstances in which the Water District brought disciplinary charges against Vale;
- He has no knowledge regarding the circumstances under which Vale's employment with the Water District ended;
- He has no knowledge regarding Vale's disability or her requests for an accommodation;
- He has no knowledge of what employee, if any, replaced Vale after her termination; and
- He does not personally know Vale and has no information regarding the allegations in her complaint. DE 38.

In addition to the foregoing, Arman states that, in the absence of a court order to

3

the contrary, he is bound by a confidential settlement agreement barring him from speaking about his employment. DE 38.

In its separate motion seeking to quash the Arman subpoena, the District submits the declaration of Christopher Murphy, Superintendent stating:

- Arman was hired in December of 2013; Vale was terminated in January 2013; The two never worked together;

- Arman was never a supervisor to Vale and has no knowledge of the quality of Vale's work; and

- Arman does not have any knowledge of disciplinary action imposed on Vale or regarding the grounds for her termination DE 39

C.     Vale's Opposition to Arman's Motion

In addition to opposing any motion made by the District for lack of standing, Vale argues that disciplinary action taken against Arman by the District is relevant to Vale's own claims of retaliation. DE 37. Specifically, Vale states that like her, Arman was a victim of retaliatory termination by Murphy. While Arman's termination was is not alleged to be related to any disability, it is alleged to have been taken in retaliation to protected employment activity. Specifically, Arman is alleged to have been terminated by Murphy in retaliation for offering testimony with respect to Arman's subordinate employee at the District. DE 37. Vale argues that Arman's experience is relevant to her claim of retaliation in that it demonstrated Murphy's management style and his alleged pattern of retaliation. DE 37.

II.     The Motion to Compel

The motion to compel seeks further responses to interrogatories and document

4

requests. Specifically, the motion seeks information as to prior complaints of discrimination and retaliation. The parties' correspondence, as set forth in greater detail below, appears to state that the motion is now moot. To the extent that issues remain outstanding, the Court decides such issues below.

DISCUSSION

I. Motion to Quash

A. Legal Principles

Under Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk Ltd. v. Briarpatch Ltd., 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); see also Salvatorie Studios, Int'l v. Mako's, Inc., 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir.1992); Annunziato v. Collecto, Inc., 296 F.R.D. 12 (E.D.N.Y.2013); Barrett v. City of New York, 237 F.R.D. 39, 40 (E.D.N.Y.2006)(not a valid objection to discovery to argue that information sought is not admissible at trial).

5

Once relevance is established, the party seeking to quash a subpoena bears the burden of demonstrating that the subpoena "is over-broad, duplicative, or unduly burdensome." Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) see John Wiley & Sons, Inc. v. Doe Nos. 1–30, 284 F.R.D. 185, 189 (S.D.N.Y.2012) (burden on motion to quash is borne by the moving party) (citing Pegoraro v. Marrero, No. 10 Civ. 0051, 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012)); Ford Motor Credit Co. v. Meehan, No. CV 05–4807, 2008 WL 2746373, at *5 (E.D.N.Y. July 11, 2008) ("The burden of persuasion in a motion to quash a subpoena ... is borne by the movant.") (citing Sea Tow Int'l, Inc. v. Pontin, 246 F.R.D. 421, 424 (E.D.N.Y.2007)).

The decision to grant or deny a motion to quash is discretionary. John, 284 F.R.D. 185, 189 (citing Pegoraro, 2012 WL 1948887, at *4); see In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 68 (2d Cir.2003); Solomon v. Nassau County, 274 F.R.D. 455, 460 (E.D.N.Y.2011) ("Motions to quash subpoenas under the Rules are 'entrusted to the sound discretion of the district court.'") (quoting In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir.2003)); Libaire v. Kaplan, 760 F.Supp.2d 288, 291 (E.D.N.Y.2011) ("The decision whether to quash or modify a subpoena is committed to the sound direction of the trial court.") (citations omitted). When exercising that that discretion the Court is entitled to broad latitude to determine the scope of discovery and to manage the discovery process. See, e.g., EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir.2012) (citing In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir.2008)).

B.  The Parties' Positions

Vale argues that Arman's testimony is relevant to the issue of whether Christopher Murphy terminated Arman in retaliatory manner, similar to Vale's termination. Vale further states that Arman's testimony is relevant to the issue of Murphy's "overall managing style," and whether he has a "propensity to harass and retaliate against employees at the Water District."

Both Arman and the Water District argue a lack of relevance on the ground that Arman did not work at the Water District until almost a year after Vale's termination, had entirely different job duties and responsibilities and has no knowledge regarding the facts of Vales employment, termination or claim of ADA discrimination. As such, he argues, he can offer no relevant testimony.

C.  The Subpoena Seeks Relevant Evidence

Plaintiff claims that she was retaliated against and fired by Murphy. She also alleges that Murphy has a propensity to retaliate against employees who exercise their employment rights. Evidence that Murphy has acted similarly toward Plaintiff and other District employees may be admissible on the issue of intent. In Terry v. Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003), the Second Circuit considered an "atmosphere of retaliation in the workplace," including testimony from various employees from plaintiff's office as evidence of retaliation. Similarly, in Henry v. Wyeth Pharmaceuticals, Inc., 616 F.3d 134, 150-151 (2d Cir. 2010), the Second Circuit noted that race related comments made by plaintiff's direct supervisor to two other employees were relevant to the plaintiff's claims of retaliation. In Ortega v. Fedcap Rehabilitation Svcs., Inc., 2003 WL 21383383, at *1 (S.D.N.Y. June 16, 2003), the court found that similar-act complaints against plaintiff's supervisor by other employees were discoverable because intent was at issue.

See also Flanagan v. Travelers ins. Co., 111 F.R.D. 42, 48 (W.D.N.Y. 1986) ("Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, and is therefore discoverable pursuant to Fed. R. Civ.P. 26(b)(1)."(citations omitted). Moreover, Courts in this district have recognized that direct evidence of an employer's discriminatory intent will rarely be available, so affidavits and depositions must be carefully scrutinized for circumstantial proof of discriminatory conduct. Weber v. City of New York, 973 F.Supp.2d 227, 249 (E.D.N.Y. 2013). Given this precedent, the testimony sought from Arman is relevant on the issue of Murphy's intent and retaliatory conduct. This court makes no ruling as to the admissibility at trial of any evidence discovered as a result of enforcement of this subpoena. Nonetheless, the information sought is within the scope of discovery, and the motion to quash on relevance grounds is therefore denied. In light of the finding of relevance, the Court turns to address the issues of whether the subpoena is burdensome, and whether enforcement is barred by the parties' prior confidentiality agreement.

      D.     The Subpoena is Not Unduly Burdensome

Where, as here, the material sought by subpoena is relevant, the court next turns to the question of whether enforcement of the subpoena is unduly burdensome. Jones v. Hirschfeld, 219 F.R.D. 71, 78 (S.D.N.Y. 2003). Determinations of "undue burden" are made in the discretion of the trial court. Id.; Johnson v. Bryco Arms, 226 F.R.D. 441, 444 (E.D.N.Y. 2005). Arman's submission fails to set forth any argument sufficient to make a finding that enforcement of the subpoena is unduly burdensome. To ensure that Arman is not burdened by compliance the Court orders that his testimony be taken within a reasonable time, but at a place and time of his convenience.

E.  The Confidentiality Agreement

The terms of the confidentiality agreement that is alleged to bar Arman's testimony have not been placed before this Court, and as such the Court cannot consider whether such terms explicitly prohibit Arman from testifying. However, to the extent the terms of the agreement require a court order for Arman's testimony, this Order shall be deemed sufficient for that purpose.

II. Motion to Compel

The second motion before the Court is Plaintiff's motion to compel responses to interrogatories and document requests seeking information as to other complaints of discrimination. The issues raised were first set forth by Plaintiff in Docket Entry No. 51 herein. There, Plaintiff sought information as to all prior claims of retaliation and discrimination. In a letter submitted in response to DE 51, Defendants stated that they had already "fully responded" to the request. DE 53. Defendants further stated that they had "voluntarily expanded the scope of Plaintiff's interrogatory to include all other complaints of discrimination . . ." and therefore requested that the motion be denied as moot. DE 53.

Thereafter, on December 22, 2015, Plaintiff filed a motion seeking, again, to have Defendants provide discovery "as it relates to other claims of discrimination or retaliation." DE 59. In a letter dated December 30, 2015, Defendants state that the request for information as to prior claims of "retaliation" constitutes an expansion of Plaintiff's original interrogatory which requested only information as to claims of discrimination. DE 63. Defendants take the position that they have now fully responded

to Plaintiff's requests and request that the Court deny the motion and prohibit plaintiff from "continuing on this desperate and futile fishing expedition." DE 63.

It appears that Defendants have complied with the requests for information as to prior alleged acts of discrimination (and retaliation), and the motion is therefore denied as moot. In the event that Plaintiff maintains that there are outstanding complaints of discrimination, or related document, that have not been disclosed, those issues may be raised at the conference scheduled before this Court that will go forward on January 11, 2016. At that conference counsel shall be prepared to discuss the status of this case and set forth the discovery necessary for the parties to complete for this matter to be trial ready.

## CONCLUSION

For the foregoing reasons, the motions to quash set forth in Docket Entries 38 and 39 are denied. Plaintiff's motion set forth as Docket Entry No. 59 is denied as moot, without prejudice to further argument on January 11, 2016

Dated: Central Islip, New York
January 8, 2016

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge