UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHANNA M. VALE

        Plaintiff,

-against-             **MEMORANDUM AND ORDER**
                      14-CV-4229 (ADS)(AYS)

GREAT NECK WATER POLLUTION
CONTROL DISTRICT,

        Defendant.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

  Plaintiff Shanna M. Vale ("Vale") brings this action alleging disability discrimination and retaliation under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* (hereinafter "ADA"), by her former employer the Great Neck Water Pollution Control District (the "District"). Plaintiff seeks to connect her termination to her wrist injury. Defendant argues that she was terminated because she was an "awful employee" whose work performance was "horrific."

  Presently before the Court is Plaintiff's motion to quash a subpoena issued to a law firm that employed Plaintiff after she was terminated by the District (the "Subpoena"). The Subpoena is broad. It seeks production of Vale's "personnel file and all employment records relating to Shanna Vale, including any electronically stored documents relating to Ms. Vale's employment, such as email correspondence." See Exhibit A annexed to the Declaration of Jacob Aronauer submitted in support of Motion

1

to Quash, appearing as Docket Entry ("DE") 77-1. For the reasons set forth below, the motion to quash is granted.

I.   Background

As noted, Plaintiff alleges claims of failure to accommodate, discrimination and retaliation. All claims stem from her wrist injury. After being terminated by the District Plaintiff was employed, for a time, by the law firm from which the subpoenaed documents were sought. As noted, the Subpoena seeks essentially all of Plaintiff's employment records.

The law firm to which the Subpoena was directed complied promptly. Responsive documents were therefore produced prior to the time when Plaintiff was in a position to move to quash. The parties have agreed to proceed with the motion. All papers including any reference to the produced documents have been filed under seal.

II.  Disposition of the Motion to Quash

   A.   Standing and the Parties' Positions

At the outset the Court notes that Plaintiff has standing to move to quash. See Warnke v. CVS Corp., 265 F.R.D. 64, 65 (E.D.N.Y. 2010); Ireh v. Nassau Univ. Med. Center, 2008 WL 4283344, at *3 (E.D.N.Y. September 17, 2008)). Turning to the merits, the parties do not argue the issue of whether compliance with the Subpoena would be burdensome to the producing party or embarrassing to the Plaintiff , who no longer works for the firm to which the Subpoena is directed. Instead, the parties dispute whether the information sought by the Subpoena falls within the scope of permissible discovery. Plaintiff characterizes the request as overly broad, and the information sought as irrelevant. Defendant argues that the information sought is relevant to the issue of

Plaintiff's job performance. Essentially, Defendants argue that Plaintiff's poor job performance at her subsequent employer is probative as to the issue of her job performance while at the District and, consequently, whether she was terminated for a legitimate non-discriminatory reason.

B. Standards Governing Rule 45 Motions to Quash

Under Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). "In response to a motion to quash a subpoena, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (citations omitted); accord Torcasio v. New Canaan Bd. of Educ., 2016 WL 312102, at *2 (D. Conn. 2016). Once relevance is demonstrated, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." Id. Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (citations omitted). See John Wiley & Sons, Inc. v. Doe Nos. 1–30, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (burden on motion to quash is borne by the moving party); Ford Motor Credit Co. v. Meehan, 2008 WL 2746373, at *5 (E.D.N.Y. 2008) ("burden of persuasion in a motion to quash a subpoena ... is borne by the movant").

The decision to grant or deny a motion to quash is discretionary. AP Links, LLC v. Russ, 299 F.R.D. 7, 11-12 (E.D.N.Y. 2014); see In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 68 (2d Cir. 2003). When exercising that discretion the Court is

3

entitled to broad latitude to determine the scope of discovery and to manage the discovery process. See, e.g., EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012).

As to relevance, newly amended Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). While "relevance" continues to be a broad concept, applying to matters that bears claims and defenses, courts must also analyze "proportionality" before ordering production of relevant information.

    C.    The Motion to Quash is Granted

In support of the motion to quash, Plaintiff notes that the issue here is her job performance at the District, and not her performance at any later position. She argues that failure to quash the Subpoena will lead to extensive discovery as to Plaintiff's performance at jobs unrelated to this lawsuit, and will ultimately require collateral mini-trials addressing such performance. Plaintiff additionally notes that the evidence sought is nothing more than inadmissible propensity evidence which has no bearing on the claims here.

In support of the Subpoena, Defendants argue that the documents sought are relevant to the issue of whether Plaintiff competently performed her duties at the District. Defendants do not zero in on a particular job skill when arguing incompetence at both the

4

District and Plaintiff's subsequent place of employment. Thus, they do not state that Vale failed to perform a particular identifiable skill (such as an ability to operate machinery for which training is required) and was therefore terminated. Instead, they argue that she was a uniformly awful and horrible employee. Defendants' relevance argument thus hinges upon the argument that the subpoenaed documents (which presumably show that Vale was an awful employee at a different, later job), is relevant to the issue of whether she was an awful employee at the District.[1]

The Court holds that the Subpoena fails to seek relevant evidence within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure, and must therefore be quashed. First, the Subpoena, which seeks all of Plaintiff's employment records, including all emails and correspondence relating to her employment, is entirely overbroad. See Henry v. Morgan's Hotel Group, 2016 WL 303114 *2 (S.D.N.Y. January 25, 2016). Even if tailored to seek only those documents showing Plaintiff's job performance, it should nonetheless be quashed as seeking information that is outside the scope of discovery. The claim here is that Plaintiff suffered adverse employment action on account of a disability and/or retaliation. The defense is that Plaintiff was a terrible employee who was properly terminated from her position at the District. The issue of Plaintiff's overall job performance at unrelated subsequent employment is irrelevant to both Plaintiff's claims and the District's defenses. Defendant seeks nothing more than propensity evidence that goes well beyond the scope of discovery in this case., Henry,

---

[1] Defendants do not argue that the Subpoenaed documents are relevant to the issue of mitigation of damages. The court therefore does not address that issue. Even if such an argument were made, enforcement of the Subpoena would not necessarily follow. See Warnke, 265 F.R.D. at 68.

2016 WL 303114, at *4 (quashing subpoenas seeking documents from non-party employers on ground, inter alia, that information sought was inadmissible propensity evidence); accord Rajaravivarma v. Bd. of Trustees for Connecticut State Univ. Sys., 272 F.R.D. 315, 318-19 (D. Conn. 2011) (same). Thus, this case is readily distinguishable from a case where discovery of information is sought to prove that a plaintiff was unable to perform a particular job function for a subsequent employer. E.g., Mirkin v. Winston Resources, LLC, 2008 WL 4861840, at *1 (S.D.N.Y. 2008) (noting defense relevance argument that plaintiff's "lack of certain job skills." could provide evidence relevant to the defense that plaintiff was terminated for legitimate, non-discriminatory reasons). Moreover, it matters not, as argued by Defendants, whether the records at issue are sought from a subsequent or former employee. Either way, Defendants seeks documents in support of a defense that Plaintiff is, always has been, and always will be, a terrible employee. Such broad information goes beyond the scope of discovery in this matter. See Rajaravivarma, 272 F.R.D. at 319. This is especially true where, as here, the discovery and related motion practice already concluded has been extensive. Not only is the information sought irrelevant, the volume of discovery taken makes further discovery out of proportion to the needs of this case. See also EEOC v. Princeton Healthcare System, 2012 WL 1623870, at *21 (D.N.J. 2012) ("[i]f filing what ... [appears to be] a fairly routine case alleging individual employment discrimination opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a serious risk that such discovery can become an instrument of delay or oppression") (quoting Perry v. Best Lock Corp., 1999 WL 33494858 (S.D. Ind.1999).

For the foregoing reasons, the motion to quash is granted. Defendants are directed to either destroy the documents or return them to the producing party, and may not use such documents in this case.

## CONCLUSION

For the foregoing reasons, the motion to quash set forth in Docket Entry 76 is granted. Counsel are directed to submit a joint status letter to this Court on April 11, 2016.

Dated: Central Islip, New York
       March 29, 2016

                                          /s/ Anne Y. Shields
                                          ANNE Y. SHIELDS
                                        United States Magistrate Judge